FILED BY ___ D.C.

05 JUN 21  AM 6:50

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

|  |  |
|---|---|
| MARK CHRISTOPHER OBERT<br>and LESLEY OBERT,<br><br>    Plaintiffs,<br><br>v.<br><br>THE PYRAMID, CITY OF MEMPHIS,<br>SHELBY COUNTY GOVERNMENT,<br>PUBLIC BUILDING AUTHORITY OF<br>MEMPHIS AND SHELBY COUNTY,<br>LEISURE MANAGEMENT<br>INTERNATIONAL D/B/A LMI/HHI, LTD.,<br>SPECTACOR MANAGEMENT GROUP<br>D/B/A SMG, CAVENDER BOERNE<br>ACQUISITION OF TEXAS, LTD., MEMPHIS<br>POLICE DEPARTMENT, GEORGE STRAIT<br>PRODUCTIONS, INC., and GEORGE STRAIT'S<br>TEXAS CONNECTION, INC.,<br><br>    Defendants. | Case No. 03-2135 D/V |

## ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Before the Court is the motion (dkt. # 74) of Plaintiffs, Mark Christopher Obert and Lesley Obert ("Plaintiffs"), for summary judgment against Defendant City of Memphis ("Defendant" or "City") as to their claim of violation of Title II of the Americans with Disabilities Act ("ADA"). For the following reasons, the Court grants Plaintiffs' motion for summary judgment.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Mark Christopher Obert and Lesley Obert, husband and wife, attended a George Strait concert on March 8, 2002, at the Pyramid Arena ("Pyramid") located in Memphis, Tennessee.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 6-21-05



Second Am. Compl. ¶ 19. Mrs. Obert suffers from spina bifida and has been confined to a wheelchair since birth. Id. at ¶ 20. On the date of the concert, Plaintiffs arrived downtown at least one hour before the concert was scheduled to begin. Id. at ¶ 19. Plaintiffs had attended other functions at the Pyramid and were familiar with the facility's available parking and seating options for handicapped individuals. Id.

In accordance with the ingress and egress lane dedicated to handicap access, Plaintiffs assert that they approached the Pyramid from Riverside Drive in an attempt to park in the handicapped spaces located on the south side of the facility. Id. at ¶ 22. The dedicated handicapped lane allegedly was not being used for handicapped access. Id. Plaintiffs assert that agents or employees of Defendant, apparently Memphis Police Officers, told Plaintiffs that the south side of the Pyramid had neither handicapped access nor handicapped parking spaces, despite Plaintiffs' protestations and request for handicapped access and parking. Id. Plaintiffs maintain that Mr. Obert then attempted to leave Mrs. Obert on the North side of the Pyramid, however, he was denied access. Id. at ¶ 23. Thereafter, Mr. Obert allegedly sought to leave Mrs. Obert at the designated handicap drop-off zone located in front of the Pyramid, but again was denied entry by Memphis Police Officers, who told him that there was no handicapped access available in front of the Pyramid and the area was closed to all except those in limousines and church buses. Id.

After being denied access and parking at the Pyramid, Plaintiffs assert that they obtained parking in the rear of Café Francisco Restaurant, which is located several blocks southwest of the Pyramid. Id. at ¶ 25. After parking, Plaintiffs proceeded toward the Pyramid. Id. at ¶ 26. To reach the Pyramid, Plaintiffs allege that they had to cross North Main Street where it intersected with North Parkway. Id. A trolley track ran through the center of North Main Street. Id. As Mrs. Obert crossed

2

the street, the tire of her wheelchair lodged in the trolley tracks causing her to flip over the front of the wheelchair and land on the street. Id. at ¶ 27. The fall allegedly broke Mrs. Obert's leg completely through in two separate places. Id. at ¶ 28. Mrs. Obert maintains that she had a long and painful recuperation. Id.

On March 7, 2003, Plaintiffs initiated the instant action against Defendants. On the same day, Plaintiffs filed an action in state court against entities associated with the Memphis Area Transit Authority ("MATA") for the injuries Plaintiffs suffered as a result of Mrs. Obert's wheelchair becoming lodged in the trolley tracks. Plaintiffs move the Court for summary judgment against the City of Memphis as to their claim of violations of Title II of the ADA.

## II.    LEGAL STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In other words, summary judgment is appropriately granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The party moving for summary judgment may satisfy its initial burden of proving the absence of a genuine issue of material fact by showing that there is a lack of evidence to support the nonmoving party's case. Id. at 325. This may be accomplished by submitting affirmative evidence negating an essential element of the nonmoving party's claim, or by attacking the opponent's evidence to show why it does not support a judgment for the nonmoving party. 10a Charles A.

Wright et al., Federal Practice and Procedure § 2727, at 35 (2d ed. 1998).

Facts must be presented to the court for evaluation. Kalamazoo River Study Group v. Rockwell Int'l Corp., 171 F.3d 1065, 1068 (6th Cir. 1999). The court may consider any material that would be admissible or usable at trial. 10a Charles A. Wright et al., Federal Practice and Procedure § 2721, at 40 (2d ed. 1998). Although hearsay evidence may not be considered on a motion for summary judgment, Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp., 176 F.3d 921, 927 (6th Cir. 1999), evidentiary materials presented to avoid summary judgment otherwise need not be in a form that would be admissible at trial. Celotex, 477 U.S. at 324; Thaddeus-X v. Blatter, 175 F.3d 378, 400 (6th Cir. 1999).

In evaluating a motion for summary judgment, all the evidence and facts must be viewed in a light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Wade v. Knoxville Utilities Bd., 259 F.3d 452, 460 (6th Cir. 2001). Justifiable inferences based on facts are also to be drawn in favor of the non-movant. Kalamazoo River, 171 F.3d at 1068.

Once a properly supported motion for summary judgment has been made, the "adverse party may not rest upon the mere allegations or denials of [its] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A genuine issue for trial exists if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586.

4

## III. ANALYSIS

Plaintiffs contend that Defendant violated Title II of the ADA when it failed to allow Plaintiffs access to the Pyramid handicapped drop-off zone or parking. Section 12132, Title 42 of the United States Code provides: "Subject to the provisions of this title, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Thus, in order to establish a violation of Title II of the ADA, a plaintiff must show that 1) she qualifies as a disabled individual; 2) she was excluded from participation in or was denied the benefits of some service, program, or activity by reason of her disability; and 3) the entity providing the service, program or activity is a public entity. Dillery v. City of Sandusky, 398 F.3d 562, 567 (2005).

Defendant does not dispute that Ms. Obert is disabled pursuant to the ADA. Nor does Defendant contend that it is not a public entity as required under the ADA. The dispute concerns whether Defendant denied Ms. Obert the benefit of "some service, program, or activity by reason of her disability." 42 U.S.C. § 12132. First, Defendant argues that Plaintiffs have not proven that the officer directing traffic was a Memphis police officer. However, it is undisputed that the Memphis Police Department coordinates the traffic control policies and procedures with the employees of SMG, including handicapped access during Pyramid events. (Def. Resp. to Pl.'s Statement of Mat. Facts at ¶ 17). Mr. Obert stated in his deposition that there was a police car present at the intersection in question and that he was directed by an individual in an orange vest with yellow reflective stripes. (Def. Resp. to Pl.'s Mot. for Sum. J, citing Depo. of Mark Obert, pp. 18, 20, 159-160.) Defendant has not offered any proof that the officers were not Memphis police officers. As

5

noted previously, in order to avoid summary judgment, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586. Defendant has not met this minimal standard. Thus, the Court will assume that the officers in question were Memphis police officers.

Defendant next argues that Plaintiffs have not established that Defendant intentionally discriminated against Plaintiffs. Defendant asserts that Plaintiffs have not proven that they were denied access to the drop-off zone *because* of Ms. Obert's disability. Although courts have held that proof that a defendant intentionally discriminated against the plaintiff must be established to recover damages, see Bartlett v. New York State Bd. of Law Exam'rs, 156 F.3d 321, 331 (2d Cir. 1998); Powers v. MJB Acquisition Corp., 184 F.3d 1147 (10th Cir. 1999); Center v. City of W. Carrollton, 227 F. Supp. 2d 863, 871 (S.D. Ohio 2002), "intentional discrimination can be inferred from a defendant's deliberate indifference to the strong likelihood that pursuit of its questioned policies will likely result in a violation of federally protected rights." Powers, 184 F.3d at 1153. Consequently, in order for the Plaintiffs to establish that Defendant violated the ADA, they must show that Defendant used deliberate indifference in denying Plaintiffs access to the Pyramid's handicapped drop-off zone. "Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." Duvall v. County of Kitsap, 260 F.3d 1124, 1139 (9th Cir. 2001) (citing City of Canton v. Harris, 489 U.S. 378, 389 (1988)). If the need for an accommodation is obvious or required by statute or regulation, the public entity is on notice that an accommodation is required, thus satisfying the knowledge element of the deliberate indifference test. Id.

Plaintiffs have alleged that Defendant's "failure to allow the Oberts access to the drop-off

6

zone in front of the Pyramid on Front Street denied the plaintiffs full and equal enjoyment of a public accommodation in direct violation of the ADA." Pls' Mem. in Sup. of Mot. for Sum. J. p. 6. Plaintiffs contend that the failure of Defendant to allow Plaintiffs access to the drop-off zone when it had full knowledge of the requirements of the ADA and the consent order that governed the policies, establishes that Defendant was deliberately indifferent to Plaintiffs' rights. The ADA provided Defendant with the requisite knowledge for deliberate indifference. Defendant then failed to act upon that knowledge when it refused Plaintiffs access to the drop-off zone. Thus, Defendant exhibited deliberate indifference to Plaintiffs' rights when Plaintiffs were denied access to the drop-off zone.

Finally, citing Tyler v. City of Manhattan, 118 F.3d 1400 (10th Cir. 1997), Defendant contends that Plaintiffs must demonstrate that Defendant did not merely discriminate against disabled people in general, but against Plaintiffs in particular. However, Defendant misconstrues the holding in Tyler. There, the plaintiff had not suffered any specific injuries himself, but sought to force the city to comply with the ADA. Id. at 1402. Thus, the Court found that without any discrimination specifically against the plaintiff, there could be no claim for compensatory damages. In the instant case, however, Plaintiffs were injured as a direct result of Defendant's actions. Thus, Tyler does not apply.

Plaintiffs have demonstrated that Defendant used deliberate indifference in denying them access to the handicapped drop-off zone and parking. Accordingly, the Court grants Plaintiffs' motion for summary judgment as to their ADA claim.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion for summary judgment as to Defendant City of Memphis with respect to Plaintiffs' claims for violation of the ADA.

**IT IS SO ORDERED** this 20th day of June, 2005.

BERNICE BOUIE DONALD
UNITED STATE DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 150 in case 2:03-CV-02135 was distributed by fax, mail, or direct printing on June 21, 2005 to the parties listed.

---

Michael B. Neal
ARMSTRONG ALLEN, PLLC
80 Monroe Avenue
Ste. 700
Memphis, TN 38103--246

Eugene J. Podesta
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Leo Maurice Bearman
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Alan Harkavy
HARKAVY SHAINBERG KAPLAN & DUNSTAN, PLC
6060 Poplar Ave.
Ste. 140
Memphis, TN 38119

Sara Margaret Falkinham
ARMSTRONG ALLEN, PLLC
80 Monroe Avenue
Ste. 700
Memphis, TN 38103--246

Elbert Jefferson
CITY ATTORNEY'S OFFICE
125 N. Main Street
Ste. 314
Memphis, TN 38103

Tim Wade Hellen
FARRIS MATHEWS BRANAN BOBANGO HELLEN & DUNLAP, PLC
One Commerce Square
Ste. 2000
Memphis, TN 38103

Edward Hugh Burrell
ARMSTRONG ALLEN, PLLC
80 Monroe Avenue
Ste. 700
Memphis, TN 38103--246

J. Phillip Kerley
BREAKSTONE & ASSOCIATES
200 Jefferson Ave.
Ste. #725
Memphis, TN 38103

Laurice E. Smith
LAW OFFICE OF LAURICE E. SMITH
2693 Union Ave.
Ste. 200
Memphis, TN 38112

Honorable Bernice Donald
US DISTRICT COURT