IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 JUN 30 PM 6: 07

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | | |
|---|---|---|
| MARK CHRISTOPHER OBERT and LESLEY OBERT, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 03-2135-DV |
| THE PYRAMID, CITY OF MEMPHIS, SHELBY COUNTY GOVERNMENT, PUBLIC BUILDING AUTHORITY OF MEMPHIS AND SHELBY COUNTY, MEMPHIS POLICE DEPARTMENT, LEISURE MANAGEMENT INTERNATIONAL D/B/A/ LMI/HHI, LTD., and SPECTACOR MANAGEMENT GROUP D/B/A SMG, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER GRANTING DEFENDANT SMG'S MOTION TO ALTER OR AMEND

Before the Court is Defendant Spectacor Management Group's ("SMG" or "Defendant") motion (dkt. # 133) to alter or amend the Court's April 8, 2005 Order granting in part and denying in part Defendant's motion for summary judgment (April 8, 2005 Order). Defendant asserts that, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, the Court should reconsider its ruling with respect to Plaintiffs' claims of negligence per se and outrageous conduct as to SMG. For the following reasons, the Court GRANTS Defendant's motion.

A motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e) may be made for one of three reasons:

    1) An intervening change of controlling law;

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 7-1-06



2) Evidence not previously available has become available; or

3) It is necessary to correct a clear error of law or prevent manifest injustice.

Fed. R. Civ. P. 59(e); Helton v. ACS Group and J&S Cafeterias of Pigeon Forge, Inc., 964 F.Supp. 1175 (E.D. Tenn. 1997). Rule 59 is not intended to be used to "relitigate issues previously considered" or to "submit evidence which in the exercise of reasonable diligence, could have been submitted before." Id. at 1182. Thus, there are limited circumstances in which a court may grant a motion to alter or amend a judgment.

Defendant asserts that in order to correct a clear error of law, the Court should amend its April 8, 2005 Order. Defendant contends that the Court erred when it found that Plaintiffs' negligence per se claim was premised in part on Plaintiffs' Americans with Disabilities Act ("ADA") claim. Instead, Defendant maintains that the negligence per se claim is premised solely on the 1991 Consent Order entered in Paralyzed Veterans of America v. Hackett, case no. 91-2462-HB (W.D. Tenn. 1991) ("Consent Order").

In its May 22, 2003 Order granting in part and denying in part Defendant City of Memphis' motion to dismiss, this Court ruled that Plaintiffs could not proceed in bringing a cause of action based on the terms of the Consent Order unless they were challenging the constitutionality of the terms of the Consent Order. The Court relied on Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723 (1975), in which the United States Supreme Court held that "a consent decree is not enforceable directly or in collateral proceedings by those who are not parties to it even though they were intended to be benefitted by it." Id. at 750. This Court further noted that "[a] person who is not a party to the consent decree has standing, however, to challenge the constitutionality of the consent decree as it

2

is applied to them." Court's July 16, 2003 Order at 6. As previously decided in the Order entered July 16, 2003, Plaintiffs do not challenge the constitutionality of the Consent Order, but instead seek to enforce the terms of the Consent Order. Therefore, all claims based solely on the Consent Order were dismissed.

Plaintiffs argued in their response to Defendant's motion for summary judgment that it is not necessary for the underlying statute, ordinance, or order provide a cause of action itself in order for a negligence per se claim to sustain summary judgment. However, the Court held that the Plaintiffs do not have standing to bring any claim that is premised solely on the Consent Order.

As Defendant points out, Plaintiffs' negligence per se claim is based solely on Defendants' noncompliance with the Consent Order. The claim is titled, "Negligence Per Se for Violating Consent Order of Disposition." Second Amended Compl., Count IV. Thus, it was an error in law for the Court to allow Plaintiffs' negligence per se claim to proceed.

Defendant additionally asks the Court to amend its Order to make a ruling on Defendant's motion for summary judgment as to Plaintiffs' outrageous conduct claim. Defendant asserts that the acts complained of by Plaintiffs do not rise to the stringent requirements of the state law claim of outrageous conduct. To establish a claim for outrageous conduct, a plaintiff must establish that the conduct complained of 1) was intentional or reckless; 2) was so outrageous that it is not tolerated by civilized society; and 3) resulted in serious mental injury. Bain v. Wells, 936 S.W.2d 618, 622 (Tenn. 1997) (citations omitted). Liability for mental distress damages "does not extend to mere insults, indignities, threats, annoyances, petty oppression or other trivialities." Id. (quoting Medlin v. Allied Inv. Co., 398 S.W.2d 270, 274 (Tenn. 1966)). To determine whether conduct is so intolerable as to be outrageous, Tennessee courts apply the following standard enunciated in the

Restatement (Second) of Torts § 46, comment d :

> The cases thus far decided have found liability only where the defendant's conduct has been extreme and outrageous. It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous."

Id. at 623.

Plaintiffs have alleged that Defendants' conduct which resulted in Plaintiffs' lack of access to the Pyramid, was intentional and reckless. Defendant contends that policies are in place to ensure access to the Pyramid and that SMG's conduct at no time rose to the level of outrageous. Although a genuine issue of material fact remains as to violations of the ADA by Defendant, the Court finds that Plaintiffs have not met the burden of demonstrating that Defendant's acts or inaction rises to the level of outrageous conduct. In their response to Defendant's motion, Plaintiffs simply argue that discrimination can provide the basis for a claim of outrageous conduct and that outrageous conduct allegations are always questions of fact to be left for the jury. However, discrimination is not always outrageous conduct. See, e.g., Bolander v. BP Oil Co., 128 Fed.Appx. 412, 419 (6th Cir. 2005). In this case, there is no evidence of outrageous conduct on the part of Defendants. Furthermore, there are no questions of fact that must be resolved in order to make a determination concerning Plaintiffs' claim of outrageous conduct. Accordingly, the Court grants Defendant's motion for summary judgment as to Plaintiffs' outrageous conduct claim.

4

For the reasons stated herein, Defendant's motion to alter or amend is granted and summary judgment is granted as to Plaintiffs' negligence per se and outrageous conduct claims with respect to SMG.

IT IS SO ORDERED this _30th_ day of _June_ 2005.

BERNICE BOUIE DONALD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 157 in case 2:03-CV-02135 was distributed by fax, mail, or direct printing on July 1, 2005 to the parties listed.

---

Laurice E. Smith
LAW OFFICE OF LAURICE E. SMITH
2693 Union Ave.
Ste. 200
Memphis, TN 38112

Leo Maurice Bearman
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Alan Harkavy
HARKAVY SHAINBERG KAPLAN & DUNSTAN, PLC
6060 Poplar Ave.
Ste. 140
Memphis, TN 38119

Elbert Jefferson
CITY ATTORNEY'S OFFICE
125 N. Main Street
Ste. 314
Memphis, TN 38103

Edward Hugh Burrell
ARMSTRONG ALLEN, PLLC
80 Monroe Avenue
Ste. 700
Memphis, TN 38103--246

Sara Margaret Falkinham
ARMSTRONG ALLEN, PLLC
80 Monroe Avenue
Ste. 700
Memphis, TN 38103--246

Eugene J. Podesta
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

J. Phillip Kerley
BREAKSTONE & ASSOCIATES
200 Jefferson Ave.
Ste. #725
Memphis, TN 38103

Tim Wade Hellen
FARRIS MATHEWS BRANAN BOBANGO HELLEN & DUNLAP, PLC
One Commerce Square
Ste. 2000
Memphis, TN 38103

Michael B. Neal
ARMSTRONG ALLEN, PLLC
80 Monroe Avenue
Ste. 700
Memphis, TN 38103--246

Honorable Bernice Donald
US DISTRICT COURT