IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 JUN 30 PM 6: 07

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | | |
|---|---|---|
| MARK CHRISTOPHER OBERT and LESLEY OBERT, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | No. 03-2135-DV |
| THE PYRAMID, CITY OF MEMPHIS, SHELBY COUNTY GOVERNMENT, PUBLIC BUILDING AUTHORITY OF MEMPHIS AND SHELBY COUNTY, MEMPHIS POLICE DEPARTMENT, LEISURE MANAGEMENT INTERNATIONAL d/b/a/ LMI/HHI, LTD., and SPECTACOR MANAGEMENT GROUP d/b/a SMG, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

### ORDER DENYING DEFENDANT SMG'S MOTION TO RECONSIDER

Before the Court is Defendant Spectacor Management Group's ("SMG" or "Defendant") motion (dkt. # 96) to reconsider the Court's January 26, 2005 Order granting Plaintiffs' motion for leave to file an amended complaint ("January 26, 2005 Order"). Defendant asserts that the Court should reconsider its ruling and deny Plaintiffs leave to file their amended complaint. For the following reasons, the Court DENIES Defendant's motion.

A motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e) may be made for one of three reasons:

    1) An intervening change of controlling law;

    2) Evidence not previously available has become available; or

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 7-1-05



3) It is necessary to correct a clear error of law or prevent manifest injustice. Fed. R. Civ. P. 59(e); Helton v. ACS Group and J&S Cafeterias of Pigeon Forge, Inc., 964 F.Supp. 1175 (E.D. Tenn. 1997). Rule 59 is not intended to be used to "relitigate issues previously considered" or to "submit evidence which in the exercise of reasonable diligence, could have been submitted before." Id. at 1182. Thus, there are limited circumstances in which a court may grant a motion to alter or amend a judgment.

Defendant asserts that the Court should amend its January 26, 2005 Order. Defendant contends that the Court erred when it granted Plaintiffs leave to amend their complaint. However, in Foman v. Davis, the United States Supreme Court stated that "Rule 15(a) [of the Federal Rules of Civil Procedure] declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." Foman v. Davis, 371 U.S. 178, 182 (1962) (quoting Fed. R. Civ. P. 15(a)). The grant or denial of an opportunity to amend is within the discretion of the District Court. Id.

Defendant argues that Plaintiffs were well beyond the deadline for pleadings set out in the scheduling order. In Hamad v. Woodcrest Condominium Ass'n., the Sixth Circuit held that the district court had abused its discretion in denying the plaintiff's motion to amend the complaint, in spite of the district court's findings that discovery had closed, the deadline for dispositive motions had passed, and there was only a month before trial. Hamad v. Woodcrest Condominium Ass'n., 328 F.3d 224, 238 (6th Cir. 2003).

In the instant case, although the scheduling order must be amended as a result of the amended complaint, the Court holds that justice requires permitting the Plaintiffs to file their amended

2

complaint.

Accordingly, Defendant's motion to reconsider the Court's January 26, 2005 Order granting Plaintiffs' motion to amend their complaint is **DENIED**. However, Defendant's alternative motion for a status conference and a new scheduling order to allow time for additional discovery, additional substantive motions, and identification of expert witnesses is **GRANTED**.

**IT IS SO ORDERED** this ___30___ day of June, 2005.

BERNICE BOUIE DONALD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 158 in case 2:03-CV-02135 was distributed by fax, mail, or direct printing on July 1, 2005 to the parties listed.

___

Sara Margaret Falkinham
ARMSTRONG ALLEN, PLLC
80 Monroe Avenue
Ste. 700
Memphis, TN 38103--246

Michael B. Neal
ARMSTRONG ALLEN, PLLC
80 Monroe Avenue
Ste. 700
Memphis, TN 38103--246

Edward Hugh Burrell
ARMSTRONG ALLEN, PLLC
80 Monroe Avenue
Ste. 700
Memphis, TN 38103--246

Leo Maurice Bearman
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Alan Harkavy
HARKAVY SHAINBERG KAPLAN & DUNSTAN, PLC
6060 Poplar Ave.
Ste. 140
Memphis, TN 38119

Laurice E. Smith
LAW OFFICE OF LAURICE E. SMITH
2693 Union Ave.
Ste. 200
Memphis, TN 38112

J. Phillip Kerley
BREAKSTONE & ASSOCIATES
200 Jefferson Ave.
Ste. #725
Memphis, TN 38103

Tim Wade Hellen
FARRIS MATHEWS BRANAN BOBANGO HELLEN & DUNLAP, PLC
One Commerce Square
Ste. 2000
Memphis, TN 38103

Eugene J. Podesta
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Elbert Jefferson
CITY ATTORNEY'S OFFICE
125 N. Main Street
Ste. 314
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT