IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY AC D.C.

05 AUG 12 AM 10: 01

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | | |
|---|---|---|
| MARK CHRISTOPHER OBERT and LESLEY OBERT, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | Case No. 03-2135 D/V |
| THE PYRAMID, CITY OF MEMPHIS, SHELBY COUNTY GOVERNMENT, PUBLIC BUILDING AUTHORITY OF MEMPHIS AND SHELBY COUNTY, LEISURE MANAGEMENT INTERNATIONAL d/b/a LMI/HHI, LTD., SPECTACOR MANAGEMENT GROUP d/b/a SMG, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER GRANTING IN PART AND DENYING IN PART MOTION OF DEFENDANT CITY OF MEMPHIS FOR SUMMARY JUDGMENT

Before the Court is the motion (dkt. # 97) of Defendant City of Memphis[1] ("City" or "Defendant") for summary judgment as to Plaintiffs' third amended complaint. Plaintiffs Mark Christopher Obert and Lesley Obert ("Plaintiffs") assert in their third amended complaint that Defendant 1) discriminated against Ms. Obert in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., 2) infringed upon Ms. Obert's Constitutional rights in violation of 42 U.S.C. § 1983, 3) are negligent per se for the injuries sustained by Plaintiffs, 4) engaged in outrageous conduct, and 5) were negligent. Plaintiffs seek injunctive and declaratory relief against

---

[1] Defendant correctly notes that the Memphis Police Department does not legally exist and is not a proper party to this action. As the City of Memphis is properly a Defendant, the Court grants summary judgment as to the Memphis Police Department.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 8-16-05

164

Defendant for Defendant's alleged noncompliance with the Consent Order of Disposition ("Consent Order") entered on August 19, 1991, in <u>Paralyzed Veterans of America Mid South Chapter, et al. v. Hackett, et al.</u>, No. 91-2462 (W.D. Tenn. 1991), and for Defendant's alleged violation of the ADA. Plaintiffs further seek damages for Mr. Obert's loss of consortium resulting from Ms. Obert's injuries.

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. For the following reasons, the Court GRANTS in part and DENIES in part Defendant's motion for summary judgment.[2]

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Mark Christopher Obert and Lesley Obert, husband and wife, attended a George Strait concert on March 8, 2002, at the Pyramid Arena ("Pyramid") located in Memphis, Tennessee. Third Am. Compl. ¶ 14. Ms. Obert suffers from spina bifida and has been confined to a wheelchair since birth. Id. at ¶ 15. On the date of the concert, Plaintiffs arrived downtown at least one hour before the beginning of the concert. Id. at ¶ 14. Plaintiffs had attended other functions at the Pyramid and were familiar with the facility's available parking and seating options for handicapped individuals. Id.

In accordance with the ingress and egress lane dedicated to handicap access, Plaintiffs assert that they approached the Pyramid from Riverside Drive in an attempt to park in the handicap spaces located on the South side of the facility. Id. at ¶ 17. The dedicated handicap lane allegedly was not being used for handicapped access. Id. Plaintiffs assert that Memphis police officers told Plaintiffs that the South side of the Pyramid had neither handicapped access nor handicapped parking spaces,

---

[2]Plaintiffs did not respond to Defendant's motion for summary judgment, in spite of an Order to Show Cause issued by the Court on April 11, 2005. Therefore, the motion is being decided on the existing record.

2

despite Plaintiffs' protestations and request for handicapped access and parking. Id. Plaintiffs maintain that Mr. Obert then attempted to leave Ms. Obert on the North side of the Pyramid; however, he was denied access. Id. at ¶ 18. Thereafter, Mr. Obert allegedly sought to leave Ms. Obert at the designated handicap drop-off zone located in front of the Pyramid, but again was denied entry by Memphis police officers, who told him that there was no handicapped access available in front of the Pyramid and the area was closed to all except those in limousines and church buses. Id.

After being denied access and parking at the Pyramid, Plaintiffs assert that they obtained parking behind Café Francisco Restaurant, which is located several blocks southwest of the Pyramid. Id. at ¶ 20. After parking, Plaintiffs proceeded toward the Pyramid. Id. at ¶ 21. To reach the Pyramid, Plaintiffs allege that they had to cross North Main Street where it intersected with North Parkway. Id. A trolley track ran through the center of North Main Street. Id. As Ms. Obert crossed the street, the tire of her wheelchair lodged in the trolley tracks, causing her to flip over the front of the wheelchair and land on the street. Id. at ¶ 22. The fall allegedly broke Ms. Obert's leg completely through in two separate places. Id. at ¶ 23. Ms. Obert maintains that she had a long and painful recuperation. Id. at 25.

On March 7, 2003, Plaintiffs initiated the instant action against Defendants. On the same day, Plaintiffs filed an action in state court against entities associated with the Memphis Area Transit Authority ("MATA") for the injuries Plaintiffs suffered as a result of Ms. Obert's wheelchair becoming lodged in the trolley tracks. Defendant moves the Court to grant summary judgment as to Plaintiffs third amended complaint with respect to this Defendant.

## II.    LEGAL STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

3

material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In other words, summary judgment is appropriately granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The party moving for summary judgment may satisfy its initial burden of proving the absence of a genuine issue of material fact by showing that there is a lack of evidence to support the nonmoving party's case. Id. at 325. This may be accomplished by submitting affirmative evidence negating an essential element of the nonmoving party's claim, or by attacking the opponent's evidence to show why it does not support a judgment for the nonmoving party. 10a Charles A. Wright et al., Federal Practice and Procedure § 2727, at 35 (2d ed. 1998).

Facts must be presented to the court for evaluation. Kalamazoo River Study Group v. Rockwell Int'l Corp., 171 F.3d 1065, 1068 (6th Cir. 1999). The court may consider any material that would be admissible or usable at trial. 10a Charles A. Wright et al., Federal Practice and Procedure § 2721, at 40 (2d ed. 1998). Although hearsay evidence may not be considered on a motion for summary judgment, Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp., 176 F.3d 921, 927 (6th Cir. 1999), evidentiary materials presented to avoid summary judgment otherwise need not be in a form that would be admissible at trial. Celotex, 477 U.S. at 324; Thaddeus-X v. Blatter, 175 F.3d 378, 400 (6th Cir. 1999).

In evaluating a motion for summary judgment, all the evidence and facts must be viewed in a light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Wade v. Knoxville Utilities Bd., 259 F.3d 452, 460 (6th Cir. 2001). Justifiable inferences based on facts are also to be drawn in favor of the non-movant. Kalamazoo

4

River, 171 F.3d at 1068.

Once a properly supported motion for summary judgment has been made, the "adverse party may not rest upon the mere allegations or denials of [its] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A genuine issue for trial exists if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586.

### III. ANALYSIS

#### A. VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

Defendant first contends that Title III of the ADA does not apply to the City because it is a public entity and Title III applies to private entities. Thus, to the extent that Plaintiffs' third amended complaint asserts a claim against the City under Title III of the ADA, the Court grants Defendant's motion for summary judgment.

In its June 21, 2005 Order Granting Plaintiffs' Motion for Summary Judgment (June 21, 2005 Order), the Court granted summary judgment to Plaintiffs as to their second amended complaint's ADA Title II claim against the City. As the claim and the arguments have not changed in any substantive way, the Court denies Defendant's motion for summary judgment as to Plaintiffs ADA Title II claim.

#### B. 42 U.S.C. § 1983

Defendant maintains that Plaintiffs have not offered proof of a specific City policy or a failure to train or investigate as support for their § 1983 claim.

Title 42 of the United States Code, section 1983 states in pertinent part:

5

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. In Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978), the Supreme Court held that municipalities may be subject to damages under 42 U.S.C. § 1983. However, the Monell Court made it clear that liability under § 1983 may not be imposed on a municipality merely because it employed an individual who engaged in some form of unconstitutional conduct. See id. at 691. A municipality cannot be held liable for an injury caused by its agents or employees under § 1983 based on a theory of respondeat superior. See id. Instead, a municipality may only be liable for a constitutional tort where the action occurred pursuant to a municipal policy, practice, or custom. Id. In order to hold the municipality liable, the municipal policy must be the "moving force" behind the constitutional violation. City of Canton v. Harris, 489 U.S. 378, 389 (1989). However, the challenged policy need not be unconstitutional itself. Rather, a municipality may be liable if an employee's application of an otherwise constitutional policy leads to an unconstitutional result. See id. Either an affirmative policy or a policy of inaction can suffice to support municipal liability. See Doe v. Claiborne County, 103 F.3d 495, 508 (6th Cir. 1996). Consequently, a cognizable § 1983 claim against a municipality includes allegations that (1) agents of the municipality, (2) while acting under color of state law, (3) violated the plaintiff's constitutional rights, and (4) a municipal policy or policy of inaction was the moving force behind the violation. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 167-69 (1993).

In City of Canton v. Harris, the United States Supreme Court held that even when there is no unconstitutional policy in effect, a failure to train can be the basis of a § 1983 claim. City of

6

Canton, 489 U.S. at 387. "[I]f a concededly valid policy is unconstitutionally applied by a municipal employee, the city is liable if the employee has not been adequately trained and the constitutional wrong has been caused by that failure to train.

In the instant case, Plaintiff has alleged that Defendant, with deliberate indifference, failed to take the appropriate actions necessary to ensure Plaintiffs' access to the Pyramid. Thus, whether Defendant's policy as to directing traffic outside the Pyramid is unconstitutional itself or not, Plaintiff has raised a genuine issue of material fact as to whether Defendant's inaction, such as a failure to train, was the moving force behind Plaintiffs' injuries.

Accordingly, the Court denies Defendant's motion for summary judgment as to Plaintiffs' § 1983 claim.

### C. STATE LAW CLAIMS

1. Negligence Per Se

As the Court discussed in the May 22, 2003 Order Granting In Part And Denying In Part Defendant City Of Memphis' Motion To Dismiss, "a consent decree is not enforceable directly or in collateral proceedings by those who are not parties to it even though they were intended to be benefitted by it." Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 750 (1975). A person who is not a party to the consent decree has standing only to challenge the constitutionality of the consent decree itself as it is applied to her. Vogel v. City of Cincinnati, 959 F.2d 594, 599 (6th Cir. 1992). Thus, although the terms of the Consent Order were intended to benefit individuals, like Ms. Obert, who require handicap access and accommodations, Plaintiffs may not proceed in bringing a cause of action based on the terms of the Consent Order unless they challenge the constitutionality of the terms of the Consent Order itself. Plaintiffs do not challenge the constitutionality of the terms of the Consent Order, but instead seek merely to enforce those terms. Thus, Plaintiffs may not proceed in

7

bringing their negligence per se claim, as it is premised solely on violations of the consent order.

Accordingly, the Court grants Defendant's motion for summary judgment as to Plaintiffs' claim of negligence per se.

2.  Negligence

Defendant contends that Plaintiffs assert no specific allegations of negligence against it. The Court agrees. All allegations of negligence in Plaintiffs' third amended complaint are directed to Defendant SMG. Therefore, Defendant's motion for summary judgment as to Plaintiffs' negligence claim is granted.

3.  Loss of Consortium and Outrageous Conduct

Although Defendant makes no specific arguments as to Plaintiffs' claims of loss of consortium and outrageous conduct, it does make a general assertion that summary judgment should be granted with respect to all of Plaintiffs' state law claims because Defendant is immune from suit pursuant to the Tennessee Governmental Tort Liability Act ("GTLA"), Tenn. Code Ann. § 29-20-205. Defendant correctly notes that immunity is removed for civil rights claims, but contends that immunity is restored if the action in question is a discretionary function.

Title 29, Chapter 20, Section 205 of the Tennessee Code Annotated states that,

> [i]mmunity from suit of all governmental entities is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment except if the injury arises out of:
>
> (1) the exercise or performance or the failure to exercise or perform a discretionary function, whether or not the discretion is abused.

Tenn. Code Ann. § 29-20-205. Defendant argues that the acts complained of are discretionary functions of the City and that therefore, the City is immune from liability.

The Tennessee Supreme Court has adopted the "planning-operational" test to determine

8

whether a municipality's act is within the scope of the "discretionary function" immunity. Bowers v. City of Chattanooga, 826 S.W.2d 427, 430 (Tenn. 1992). Under this test, the City may not be held liable for deliberate, policy-like decisions made within its discretion, but it may be held liable for decisions that were purely functional or operational. Id. Under the planning-operational test, discretionary function immunity does not attach automatically to every act involving choice or judgment because, to a greater or lesser degree, every act involves some discretion. Williams v. Shelby County Health Care Corp., 803 F.Supp. 1306, 1315 (W.D. Tenn. 1992). "Rather, the underlying policy of governmental immunity is better served by examining (1) the decision-making process and (2) the propriety of judicial review of the resulting decision." Id. If an act is chosen after consideration or debate by those charged with planning or creating policies, it strongly suggests that the decision is discretionary. Id. "These decisions often result from assessing priorities; allocating resources; developing policies; or establishing plans, specifications, or schedules." Id.

On the other hand, when a decision is based on "preexisting laws, regulations, policies, or standards, [it] usually indicates that its maker is performing an operational act. Similarly operational are those ad hoc decisions made by an individual or group not charged with the development of plans or policies." Id. Thus, discretionary function immunity does not apply when an official fails to comply with laws or policies designed to guide his actions in a particular situation. McNabb v. City of Memphis, 2004 WL 2375631 *3 (W.D. Tenn. 2004).

In the instant case, both the policy makers and the officers who denied Plaintiffs access to the Pyramid were guided by "preexisting laws, regulations, policies, or standards" which left the Defendant little room for discretion. Thus, the acts in question are operational in nature and Defendant's governmental immunity is not restored.

Defendant makes no substantive arguments concerning these state law claims. Without

9

deciding the merits of the claims, the Court denies Defendant's motion for summary judgment as to Plaintiffs' claims of outrageous conduct and loss of consortium.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion for summary judgment as to all claims against the Memphis Police Department, as it is not a legally-existing entity. Moreover, the Court GRANTS Defendant's motion for summary judgment as to Plaintiffs' claims of violations of Title III of the ADA, as well as Plaintiffs' state law claims of negligence per se and negligence. The Court DENIES Defendant's motion for summary judgment with respect to Plaintiffs' claims for violation of Title II of the ADA and Plaintiffs' state law claims for loss of consortium and outrageous conduct.

**IT IS SO ORDERED** this 12th day of August, 2005.

BERNICE BOUIE DONALD
UNITED STATE DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 164 in case 2:03-CV-02135 was distributed by fax, mail, or direct printing on August 16, 2005 to the parties listed.

---

Tim Wade Hellen
FARRIS MATHEWS BRANAN BOBANGO HELLEN & DUNLAP, PLC
One Commerce Square
Ste. 2000
Memphis, TN 38103

Alan Harkavy
HARKAVY SHAINBERG KAPLAN & DUNSTAN, PLC
6060 Poplar Ave.
Ste. 140
Memphis, TN 38119

Sara Margaret Falkinham
ARMSTRONG ALLEN, PLLC
80 Monroe Avenue
Ste. 700
Memphis, TN 38103--246

Edward Hugh Burrell
ARMSTRONG ALLEN, PLLC
80 Monroe Avenue
Ste. 700
Memphis, TN 38103--246

Laurice E. Smith
LAW OFFICE OF LAURICE E. SMITH
2693 Union Ave.
Ste. 200
Memphis, TN 38112

Leo Maurice Bearman
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Eugene J. Podesta
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Michael B. Neal
ARMSTRONG ALLEN, PLLC
80 Monroe Avenue
Ste. 700
Memphis, TN 38103--246

J. Phillip Kerley
BREAKSTONE & ASSOCIATES
200 Jefferson Ave.
Ste. #725
Memphis, TN 38103

Elbert Jefferson
CITY ATTORNEY'S OFFICE
125 N. Main Street
Ste. 314
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT